# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Jessie Moya** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR03590-001JB** |
| | USM Number: **48920-051** |
| | Defense Attorney: **Penni Adrian, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 and 2 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(B) | Distribution of 5 Grams and More of Methamphetamine | 04/17/2009 | 1 |
| 21 U.S.C. Sec. 841(b)(1)(B) | Distribution of 5 Grams and More of Methamphetamine | 05/21/2009 | 2 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 10, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**March 31, 2011**
Date Signed

Defendant: **Jessie Moya**
Case Number: **1:09CR03590-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **60 months**.

**A term of 60 months is imposed as to each of Counts 1 and 2; said terms shall run concurrently for a total term of 60 months.**

**The Court has carefully reviewed the Presentence Report ("PSR") and its factual findings. There not being any objections to those factual findings, the Court will adopt those as its own. The Court has also considered the sentencing guideline applications in the PSR. The Court will overrule Defendant Jessie Moya`s objection to the PSR`s calculation of his base offense level as 32, based on the Drug Quantity Table in U.S.S.G. § 2D1.1. Note (B) to the Drug Quantity Table states: "In the case of a mixture or substance containing . . . methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), whichever is greater." U.S.S.G. § 2D1.1 Drug Quantity Table note (B). In this case, the entire weight of the mixture was 127 grams, which would result in an offense level of 26, and the weight of the methamphetamine (actual) was 50 grams, which would result in a base offense level of 32. Moya`s counsel argued that she read note (B) to mean that the PSR should have calculated Moya`s base offense level based on the greater amount not the greater offense level. The probation officer represented that the standard application of note (B) is to compare the offense level of the mixture amount and the offense level of the actual amount, and to use whichever offense level is higher. The probation officer noted that it is not possible for the actual amount of methamphetamine to ever be higher than the net amount. The Court will overrule the objection, because a plain reading of note (B) indicates that, when it states whichever is greater, it refers to the offense level. The Court believes that the PSR correctly calculated Moya`s base offense level at 32. The Court, having overruled the objection to the PSR`s sentencing guideline applications, will adopt the PSR`S sentencing guideline applications as its own.**

**The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). Moya meets the criteria of 18 U.S.C. § 3553(f)(1) through (5), and thus the Court will impose his sentence pursuant to U.S.S.G. § 5C1.2 and the applicable guideline range without regard to the statutory minimum sentence. Moya`s total offense level is 27 and his criminal history category is I. The guideline imprisonment range is 70 to 87 months. The Court notes that Moya distributed a total of 127.5 net grams of methamphetamine or 51.6 grams of methamphetamine actual. The Court has carefully considered the guidelines, but in arriving at a sentence, the Court has taken into account not only the guidelines but other sentencing goals as well. Specifically, the Court has considered the guideline sentencing range for the applicable category of offense committed by the applicable category of defendant. After carefully considering Moya`s circumstances and the crime that was involved, the Court concludes that the punishment that is set forth in the guidelines is not appropriate for this sort of offense.**

**The Court has considered the kinds of sentences and ranges that the guidelines establish, and the Court believes that Moya has proposed a reasonable sentence of 60 months. The Court believes that the sentence continues to reflect the seriousness of the offense and that it is adequate to promote respect for the law, because it is a very lengthy sentence. The Court believes that a 60-month sentence is comparable to some of the mandatory minimums in this area for different amounts. The Court believes that a sentence of 60 months provides a more just punishment given Moya`s characteristics and circumstances, and his lack of significant criminal history. Because Moya has not received a significant sentence before, the Court believes that this sentence may well provide adequate deterrence from him engaging in any similar activity in the future. The Court also believes that a sentence of 60 months is a lengthy sentence and will protect the public. Because of some of the things the Court will recommend to the Bureau of Prisons and also require as part of the supervised release, the Court believes a 60-month sentence will provide some of the training, education, and care Moya needs to overcome any drug problems. The Court believes this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir.2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence is more reasonable than one in the guideline range. Moreover, this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.**

☒     The court makes the following recommendations to the Bureau of Prisons:

**The Court first recommends Florence Federal Correctional Institution, Florence, Colorado, and, secondarily recommends Phoenix Federal Correctional Institution, Phoenix, Arizona, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

- ☒ The defendant is remanded to the custody of the United States Marshal.
- ☐ The defendant shall surrender to the United States Marshal for this district:
    - ☐ at  on
    - ☐ as notified by the United States Marshal.
- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    - ☐ before 2 p.m. on
    - ☐ as notified by the United States Marshal
    - ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Jessie Moya**
Case Number: **1:09CR03590-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years** .

**A term of 4 years is imposed as to each of Counts 1 and 2; said terms shall run concurrently for a total term of 4 years.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Jessie Moya**
Case Number: **1:09CR03590-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs and contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

Defendant: **Jessie Moya**
Case Number: **1:09CR03590-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐  The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A  ☒  In full immediately; or
B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.